IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                                      CASE NO. 5:15-CR-50053

JESUS VALENZUELA                                                            DEFENDANT

## OPINION AND ORDER

Currently before the Court is Defendant Jesus Valenzuela's Motion for Compassionate Release (Doc. 55) and the Government's Response (Doc. 58). Having reviewed these filings, the Court finds the pending Motion (Doc. 55) is **DENIED**.

## I. BACKGROUND

Mr. Valenzuela pleaded guilty to one count of possession of methamphetamine with intent to distribute under 21 U.S.C. § 841(a)(1). (Doc. 40, p. 1). The Court sentenced him to 174-month term of imprisonment followed by a 3-year period of supervised release and a $4,100.00 fine. (Doc. 41). Mr. Valenzuela is currently incarcerated at Manchester FCI with a projected release date of January 5, 2028. *See* Fed. Bureau of Prisons, Inmates, http://www.bop.gov/inmateloc/ (last accessed October 18, 2021). He has served approximately half of his sentence. He now moves for compassionate release under 18 U.S.C. § 3582(c)(1). (Doc. 55). Mr. Valenzuela is 47 years old and asserts several chronic health conditions including chronic obstructive pulmonary disease ("COPD"), severe asthma, bunion bursitis, and hypertension in his Motion. (Doc. 55, p. 1).[1]

---

[1] The Government concedes Mr. Valenzuela has such health conditions. (Doc. 58, p. 2). However, the medical records provided to the Court do not document this claim. *See* Doc. 59.

## II.  LEGAL STANDARD

Inmates are permitted to seek sentence reductions directly from the sentencing court under the First Step Act of 2018 ("FSA") "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A)(i). Once either threshold requirement is satisfied, the Court may grant a defendant's sentence reduction motion "after considering factors set forth in 18 U.S.C. § 3553(a)[,] to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The United States Sentencing Guidelines ("U.S.S.G.") contain the Sentencing Commission's policy statement which details what constitutes "extraordinary and compelling" reasons under § 3582(c)(1)(A)(i).  Under Application Note 1(A)(ii)(I) of § 1B1.13 of the U.S.S.G., the medical condition of the defendant may provide an extraordinary and compelling reason for sentence reduction if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A).  *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

2

## III.  DISCUSSION

### A.  Exhaustion of Remedies

The Court's ability to rule on Mr. Valenzuela's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release, or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner.  18 U.S.C. § 3582(c)(1)(A)(i).  Mr. Valenzuela submits proof he requested compassionate release from his Warden on or about July 23, 2021.  (Doc. 59-1).  The Government agrees he has exhausted his administrative remedies.  Therefore, because Mr. Valenzuela petitioned his warden for early release on or about July 23, 2021 and more than 30 days have lapsed since then, the Court finds that he has satisfied the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A)(i).

### B.  Extraordinary and Compelling Circumstances

The medical records submitted to the Court by Mr. Valenzuela do not contain the diagnoses asserted in his Motion.  (Doc. 55).  Further, at the time of sentencing, his final Pre-Sentencing Report noted he was "healthy" and "[did] not suffer from any serious or chronic physical conditions."  (Doc. 35, ¶ 96.)   Even if the Court assumes he suffers from the conditions he claims, there is no evidence Mr. Valenzuela cannot care for himself in the BOP.  Because Mr. Valenzuela has not demonstrated extraordinary and compelling medical reasons justifying his early release, the Court will not address the Section 3553(a) factors.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Jesus Valenzuela's Motion for Compassionate Release (Doc. 55) is **DENIED.**

**IT IS SO ORDERED** on this 22nd day of October, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE